IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Case No. 15-3093-SAC-DJW

ALBERT DEWAYNE BANKS
    Plaintiff,

v.

GLEN VIRDEN [ K.B.I. SPECIAL AGENT],
STEVEN OPAT [ FORMER GEARY COUNTY DISTRICT ATTORNEY],
TIMOTHY BROWN [FORMER CHIEF OF J.C.P.D.],
DAVID PLATT [ FORMER GEARY COUNTY DISTRICT JUDGE],
SPRINT/NEXTEL, VIRGIN MOBILE USA/ SPRINT PCS,
[TELEPHONE SERVICE PROVIDER]
    Defendants,

[MOTION TO AMEND COMPLAINT AND REPLY TO
DEFENDANTS MOTION TO DISMISS]

COMES NOW, Plaintiff Albert Banks for his cause of action against Defendant's David Platt, Glen Virden, Steven Opat, and Sprint/ Nextel, Virgin Mobile USA/ Sprint PCS.

[PARTIES]

(1)    Plaintiff Albert Banks is an individual who was wiretapped by the defendants in violation of federal and state wiretap laws.

(2)    Defendants Glen Virden ( Special Agent of Kansas Bureau of Investigations) is being sued in both his individual and official capacities.

(3)    Defendant Steven Opat ( Former Geary County District Attorney) is being sued in both his individual and official capacities.

(4)    Defendant Timothy Brown ( Former Chief of J.C.P.D.) is being sued in both his individual and official capacities.

(5) Defendant David Platt ( Former Geary County District Judge) is being sued in both his individual and official capacities.

(6) Defendants Sprint/Nextel, Virgin Mobile USA/ Sprint PCS is a ( Wireless Telephone Service Provider).

[JURISDICTION AND VENUE]

(7) Jurisdiction is proper in this Court pursuant to 42 U.S.C. 1983 because the defendants acting under the color of state law violated rights granted under federal law.

(8) Jurisdiction is also proper in this Court pursuant to 28 U.S.C. 1332 and 1367 because this court has supplemental jurisdiction over the state law claims plus this court has original jurisdiction from part of the same case or controversy under Article III of the United States Constitution. Also the amount in the controversy of the plaintiff is believed to exceed the sum value of 5,000,000.00 exclusive of interest and cost.

(9) Venue is proper in this court pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District, and defendants either transact business in this District (Sprint Defendants) or employed by entities which reside within this District.

[ FACTUAL ALLEGATIONS]

(10) On March 5, 2013 defendant Judge Platt entered an order of authorization for interceptions of plaintiff wire communications. Judge Platt authorized that the interceptions may take place in any jurisdiction within the United States. Based on the State and Federal law in place at this time defendant Platt knew or had reason to know that he completely lacked jurisdiction to issue that specific wiretap order. KSA 22- 2516 (3) and 18 U.S.C. 2518 (3) only allows for a district judge to authorize interceptions to take place within the jurisdiction in which the respected judge sits. Based exclusively on its substance the order is invalid on the face of the document. The federal court has explicitly held that judge Platt lacked jurisdiction to issue interceptions outside of his judicial district.

(11) On March 6, 2013 defendants Glen Virden, Steven Opat, Timothy Brown and approximately 50 of their subordinate officers all endorsed their signatures on the invalid wiretap order. At the time of the defendants conducts Steven Opat, Geary County District Attorney, Glen Virden lead K.B.I. Agent for the region of Manhattan and Timothy Brown Chief of the Junction City Police Department all had final decision making authority within their respected departments. Based on the clearly established federal and state wiretap laws which were in place on this date, all defendants knew or had reason to know that the order they were endorsing was invalid on its face. See, KSA 22-2516 (3), and 18 U.S.C 2518 (3). Our Circuit has held that a violation of state wiretap law is explicitly a violation of federal wiretap law. See, United States v. McNulty.

(12) Sprint is a wireless telephone provider who regularly conducts business within this district. Sprint received a wiretap order from law enforcement on March 8, 2013. The wiretap order did not authorize Sprint to " disclose" electronic communications. Sprint violated the plaintiffs rights under federal and state wiretapping statues when it disclosed the plaintiffs private " text messages" to the other defendants without a court order. The disclosed interceptions include but not limited to private "text" and "pictures" messages to family members which were exchanged from a place within the privacy of plaintiffs home Sprint's conduct resulted in the improper execution of the warrant. Our

circuit does not allow for a good faith reliance based on an improper execution of a warrant. The federal law has a remedy for damages for this type of violation pursuant 18 U.S.C 2520.

(13)    In April of 2013 Verizon informed the defendants Steven Opat, Glen Virden, and Timothy Brown personally or through officials from the defendants agencies that the order it received failed to authorize interceptions of "text messages". Verizon informed the defendants that if they wanted them to "disclose" Otis Ponds "text messages" they would have to send a specific request for interception of "electronic communications". The defendants supplemented the order and requested interceptions of electronic communications. Verizon then complied with the warrant and disclosed to the defendants Otis Ponds text messages.

(14)    Once Verizon explained to the defendants the different types of communications to the defendants Steven Opat, Glen Virden and Timothy Brown all had knowledge that all of the text messages they received from Sprint/Nextel beginning on March 8, 2013 were illegal under federal and state wiretapping laws. Even with this knowledge in hand at some time beltween May 16, 2013 and June 3, 2013 the defendants " intentionally" and "willfully" under the supervision of Glen Virden, and Timothy Brown the defendants disclosed these "text messages " to the United States Attorney's Office. Subsequent to that the United States Attorney's Office disclosed "electronic communications" to the United States Probation Office. The defendants did this even though they knew this information to be in violation of the federal and state wiretap law. This is sufficient to show an unofficial policy or pratice by the defendants to violate the clearly established federal law.

(15)    Defendants Steven Opat, and Glen Virden, Timothy Brown intentionally "used " the illegal information in order to further their investigation. The defendants listened to and viewed hundreds probably closer to thousands of plaintiffs calls and text messages while plaintiff was in privacy of his own home speaking to family and friends. The defendants then used this private information in order to further there own personal agenda. Plaintiff's home was located in Manhattan, Kansas which is Riley County and outside of the jurisdiction of any valid interception according Crabtree's suppression order. To "use" information which was gathered in violation of the federal and state wiretap law results in liability for defendants Steven Opat, Glen Virden, and Timothy Brown under the federal and state wiretap statutes.

(16)    The district court for the District of Kansas explicitly held that Judge Platt lacked jurisdiction to issue interception outside of his judicial district. This resulted in the suppression of nearly 60,000 interceptions from the federal trial. According to the federal court Judge Platt acted in the complete absence of all jurisdiction when he issues a wiretap order which allowed interceptions to take place in any jurisdiction in the United States.

(17)    This complaint is only intended to allege that the defendants are liable for the illegal communications from the Federal Court's suppression order.

(18)    Plaintiff's direct appeal only answered whether the third party doctrine to the governments gathering of cell site location information without a valid warrant. Whether the District Court suppression remedy expanded far enough was never discussed by the Tenth Circuit Appeals Courts on plaintiff's direct appeals. See United States v. Banks -Fed Appx. - (10 th cir. 2017).

(19)    On May 9, 2013 Judge Platt denied plaintiff counsel even though he was being held under a felony arrest. Defendant Platt remanded the plaintiff into the custody of the Sheriff department under excessive bond. On May 16, 2013 plaintiff appeared before Judge Platt again without counsel for

a status hearing. Plaintiff never found out that his phone was tapped until June 3, 2013 when he appeared in federal court and received legal representation. Plaintiff still never seen the actual wiretap order in question until months later when his counsel brought the discovery up for him to view personally. It was at this point when the plaintiff found out about the existence of the defective wiretap warrant.

(20) Judge Crabtree held the plaintiff has a right to privacy in all his text messages. Text messages are considered "papers" and or "effects" protected under the fourth amendment of the constitution.

[COUNT I]
[Violation of Kansas Wiretap Statute]

(21) The Kansas Wiretap Statute prohibits the interception, disclosure or use of any wire, oral, or electronic communication.

(22) Defendants have violated the plaintiff rights under the Kansas Wiretap Statute. The plaintiff is directly affected.

(23) Steven Opat, Glen Virden, Timothy Brown violated the Kansas Wiretap Act when they intercepted, disclosed used or procured others to intercept,disclose, or use plaintiffs private communications.

(24) Plaintiff is entitled to the rights and protections and benefits provided under the Kansas Wiretap Act. See, KSA 22- 2502, et seq.

(25) Plaintiff is an aggrieved parties within the meaning of the Kansas Wiretap Statute.

(26) Upon information from the discovery in the federal case defendants have "disclosed" and "use" private information which belonged to the plaintiff. The defendants used this information in order to assist them in there investigation.

(27) Pursuant to the Kansas Wiretap Act, plaintiff is entitled to damages, but not less than the liquidated damages computed of one hundred dollars a day of each violation or ten thousand dollars whichever is greater.

(28) Plaintiff is further entitled to punitive damages

(29) Defendants Steven Opat, Glen Virden, and Timothy Brown are liable pursuant to KSA 22- 2518 for plaintiff's attorney's fees and cost/ expenese incurred in this action.

(30) Plaintiff was subject to the policy and pratice of defendants Steven Opat, Glen Virden, and Timothy Brown which caused his private information to be exposed to the public to the detriment of his right to life, liberty, and pursuit of happiness.

[COUNT II]
[Violation of Federal Wiretap Statute].

(32) The Federal Wiretap Act prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

(33) Defendants have violated Plaintiff's rights under the Federal Wiretap Act. The plaintiff is directly affected.

(34) Steven Opat, Glen Virden, and Timothy Brown, David Platt and Sprint defendants acted unlawfully by intercepting private communications and disclosing those communications to third parties including but not limited to the United States Attorney's Office, law enforcement officials, and the United States Probation Office.

(35) Defendants Steven Opat, Glen Virden, Timothy Brown and Sprint defendants violated the federal wiretap act when they – Intentionally intercept, disclose, use or procure to intercept, disclose, or use wire, oral or electronic communications or Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication; knowingly or having reason to know that the information was obtained through the interception of wire, oral or electronic communications in violation of 18 U.S.C. 2511.

(36) The plaintiff is entitled to rights, benefits, and protections provided under the Federal Wiretap Act. See. 18 U.S.C. 2511 et. Seq.

(37) Defendants Steven Opat, Glen Virden , and Timothy Brown, David Platt and Sprint defendants are "persons" within the meaning of 18 U.S.C 2510 (6).

(38) Plaintiff is an "aggrieved party" within the meaning of federal wiretap statute.

(39) Pursuant to federal wiretap statute plaintiff is entitled to damages but not less than the actual damages suffered by the plaintiff any profits made by the defendants as a result of the violation. Or liquidated damages computed of one hundred dollars per each day of violation or ten thousand dollars which ever is greater.

(40) Plaintiff is further entitled to punitive damages.

(41) Defendans are liable pursuant to 18 U.S.C. 2520 for plaintiff's fees and cost / expenses incurred in this action.

[COUNT III]
[Violation of Fourth Amendment]

(42) A violation of the state and federal wiretap statute necessarily is a violation of the fourth amendment. The wiretap statutes at issue were specifically codified in order to protect the fourth amendment rights of the plaintiff. A violation of the wiretap statues in question today are sufficient to established cause of action under the fourth amendment as well.

[COUNT IV]
[ Conspiracy to Commit the Substantive Counts]

(43) Defendants Steven Opat and Glen Virden knowingly conspired with one another to commit the substantive count in this complaint.

(44) Defendants knowingly or had reason to know that the interception which they endorsed must

only take place within the jurisdiction of the court in which the authorizing judge sits. Private and Public citizens are presumed to know and abide by all laws which are available to the public.

(45)     In April of 2013 Verizon Wireless informed the defendants and their subordinate officers that the warrant did not authorize the interceptions of "text messages". With this knowledge the defendants still disclosed or procured others to disclose the text messages which defendants Sprint illegally disclosed to them from the March order. This is sufficient to established the conspiratorial intent between Steven Opat and Glen Virden.

[PRAYER FOR RELIEF]

Wherefore plaintiff prays defendants Glen Virden, Steven Opat, Timothy Brown and David Platt and Sprint defendants are held liable for damages under the respective federal and state Wiretap Act. The defendants should be order to pay no les the ten million dollars in compensatory and punitive damages. Defendants also shall be held liable for statutory damages under 18 U.S.C 2511 and 2520. Finally plaintiff prays for the request for relief above, for cost and expenses for bringing this suit and any further relief the court deems necessary.

Respectfully Submitted,

/s/     Albert D. Banks