IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT DEWAYNE BANKS,

    **Plaintiff,**

    v.

STEVEN L. OPAT, et al.,

    **Defendants.**

Case No. 5:15-cv-03093-HLT-KGS

## MEMORANDUM AND ORDER

Plaintiff Albert Banks brings this action pro se,[1] asserting claims for violation of state and federal wiretap statutes, violation of the Fourth Amendment, and conspiracy. Doc. 74. Each of the remaining defendants—Defendants Steven Opat, Glen Virden, Timothy Brown, Sprint/Nextel Wireless Telephone Company, and Virgin Mobile USA/Sprint PCS—has moved to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. 79, 83, 86, 101. For the following reasons, the Court dismisses Plaintiff's claims against Defendants.

### I. BACKGROUND

#### A. Criminal Investigation

The following background is based on the record and accepts as true Plaintiff's well-pleaded factual allegations.[2] This case stems from the interception of cellular communications in

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally. *See Ivory v. Platt*, 2016 WL 5916647, at *6 (D. Kan. 2016). However, Plaintiff is not relieved of his burden of alleging sufficient facts upon which a recognized legal claim could be based. *Id.*

[2] The facts set forth in Parts I.A and B are taken from Plaintiff's amended complaint (Doc. 74) and the records of Plaintiff's criminal case (Case No. 5:13-cr-40060-DDC). *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (holding that, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (finding district court was correct to take judicial notice of state court materials in considering motion to dismiss).

connection with an investigation—jointly conducted by the Kansas Bureau of Investigation ("KBI"), the Junction City Police Department, the Geary County Sheriff's Office, and the Riley County Police Department—into a suspected narcotics-trafficking conspiracy. Upon application of Defendant Steven Opat (former Geary County District Attorney), in or around March and April 2013, Geary County District Court Judge David Platt entered a series of orders authorizing the interception of Plaintiff's (and his suspected co-conspirators') "wire communications." Defendant Glen Virden—special agent with the KBI in charge of the investigation—executed the orders, with directives to Defendants Sprint/Nextel Wireless Telephone Company ("Sprint") and Virgin Mobile USA/Sprint PCS ("Virgin Mobile") (collectively, "Sprint Defendants") (and other service providers) to intercept communications transmitted to and from the targeted phones. Virden affixed his signature to the orders, along with Opat and Defendant Timothy Brown (former chief of the Junction City Police Department), among others.

Pursuant to the orders, the investigating agents intercepted phone calls and text messages from Plaintiff's—and others'—phones. Federal criminal drug trafficking charges were ultimately filed against Plaintiff in this Court.

### B. Motions to Suppress

#### 1. Text Message Evidence

In connection with the underlying criminal case, several of Plaintiff's co-defendants moved to suppress text message evidence, arguing that the state court orders, on their face, authorized interception of "wire communications" only and did not permit authorities to intercept "electronic communications" (such as text messages). District Judge Daniel D. Crabtree agreed that the orders authorized interception of "wire communications" only and that text messages constitute "electronic" rather than "wire" communications. Judge Crabtree declined to suppress the text

message evidence, however, finding that the investigators' conduct in intercepting the text messages fell within the "good faith" exception to the Fourth Amendment's exclusionary rule. In so holding, Judge Crabtree found that "the issuing judge and executing officers both understood the intended scope of the wiretap authorization, and that the authorization included interception of text messages." *United States v. Banks*, 2014 WL 4261344, at *5 (D. Kan. 2014). Judge Crabtree concluded that the officers' reliance on this understanding was "objectively reasonable." *Id.*

### 2. Extra-Territorial Communications

Plaintiff's co-defendants also moved to suppress wiretap evidence, arguing that investigators had improperly intercepted communications outside of the territorial jurisdiction of the issuing judge (Judge Platt). During the hearing on the motions to suppress, Judge Crabtree ruled that the orders violated Kansas law to the extent they authorized the interception of communications on phones located outside Judge Platt's judicial district. Judge Crabtree accordingly ordered that the government present evidence regarding the physical location of the tapped phones at the time of the intercepted calls in order to determine which communications, if any, warranted suppression.

Following the presentation of evidence, Judge Crabtree suppressed all but 7,000 of the 67,000 total communications intercepted during the course of the investigation. As to the 7,000 surviving communications, Judge Crabtree ruled that the government had offered sufficient evidence that the communications were made by phones located inside Judge Platt's territorial jurisdiction. Judge Crabtree ordered the suppression of the extra-territorial intercepted communications. In connection with this decision, although declining to apply the exclusionary rule's good faith exception to evidence collected from wiretaps, Judge Crabtree noted that "one would not expect the officers executing search warrants to have apprehended the subtle, technical

jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *United States v. Banks*, 2015 WL 2401048, at *3 (D. Kan. 2015), *vacated on other grounds by Banks v. United States*, 138 S. Ct. 2707 (2018).

**C. Civil Case**

Plaintiff proceeded to file this action for civil relief against various county officials, agencies, agency officials, and service providers,[3] alleging they violated state and federal law and the United States Constitution by intercepting and disclosing his communications (both oral and text) without proper judicial authorization. Docs. 1, 74. In the operative complaint,[4] Plaintiff asserts that Opat, Virden, and Brown knew or had reason to know that the state court orders directed the interception of communications outside of Judge Platt's territorial jurisdiction. Doc. 74 ¶ 11. Plaintiff further alleges that—upon receipt of the order—the Sprint Defendants improperly intercepted and disclosed text messages to the investigating authorities, even though the order did not expressly authorize the interception and disclosure of "electronic communications." *Id.* at ¶ 12. Plaintiff claims that Opat, Virden, and Brown knew they illegally obtained the messages and extra-territorial calls, but nonetheless provided them to prosecutors in violation of state and federal law. *Id.* at ¶¶ 13-15.

Based on these allegations, Plaintiff asserts claims for: violation of the Kansas wiretap statute, K.S.A. §§ 22-2514, *et seq.*; violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*; violation of the Fourth Amendment; and conspiracy. *Id.* at ¶¶ 21-45. Each of the five remaining defendants— Opat, Virden, Brown, Sprint,

---

[3] The majority of the defendants have since been dismissed, including: Judge Platt; Brad Schoen (Director of the Riley County Police Department); Ron Miller (Chief of the Topeka Police Department); Geary County, Kansas; the KBI; the Junction City Police Department; the Riley County Police Department; and the Topeka Police Department. Doc. 73.

[4] Plaintiff was granted leave to amend his complaint on February 20, 2018, and the amended complaint was entered by the Court. Docs. 73-74.

and Virgin Mobile—now moves to dismiss Plaintiff's claims. Docs. 79, 83, 86, 101. Plaintiff opposes Defendants' motions. Docs. 92, 93, 94, 103.

**II.     STANDARD**

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Stated differently, though the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "In keeping with these [two] principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. ANALYSIS

Opat, Virden, Brown, Sprint, and Virgin Mobile each move to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief. Docs. 79, 83, 86, 101. The arguments advanced by Opat, Virden, and Brown have considerable overlap, with each arguing (1) that their "good faith reliance" upon the state court's orders shields them from exposure under federal and state wiretap statutes, (2) that qualified immunity protects them from individual liability for Plaintiff's Fourth Amendment claim,[5] and (3) that, in any event, Plaintiff fails to state a claim for relief. Docs. 80, 87, 102.

Like Opat, Virden, and Brown, the Sprint Defendants argue that their good faith reliance exempts them from liability for violation of wiretap laws and, further, that their status as "providers of wire or electronic communication service" renders them immune from suit under the ECPA. Doc. 84 at 5-7. With respect to Plaintiff's constitutional claim, the Sprint Defendants argue that they cannot be held liable because (1) they have not engaged in any state action, and (2) even if they had, they are nonetheless entitled to absolute immunity. *Id.* at 7-8. The Court addresses each of Plaintiff's claims in turn.

### A. Violation of State and Federal Wiretap Statutes

Counts I and II of Plaintiff's amended complaint assert claims against Defendants under the Kansas wiretap statute and the federal ECPA, which impose civil liability on those who unlawfully intercept electronic communications. *See* 18 U.S.C. § 2520; K.S.A. § 22-2518.

---

[5] In his amended complaint, Plaintiff names Opat, Virden, and Brown in both their individual and official capacities. Doc. 74 ¶¶ 2-4. However, the Court previously dismissed Plaintiff's official capacity claims against Opat, Virden, and Brown; only their individual capacity claims remain. Doc. 73 at 8.

However, both statutes provide a "complete defense" where a defendant has relied in good faith upon a court order authorizing interception. *See* 18 U.S.C. § 2520(d)(1) ("A good faith reliance on . . . a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law."); K.S.A. § 22-2518(2) ("A good faith reliance by any person on a court order authorizing the interception of any wire, oral or electronic communication shall constitute a complete defense in any civil or criminal action brought against such person based upon such interception."). In their motions to dismiss, Defendants argue that, because Judge Crabtree found in the underlying criminal case that Defendants relied in good faith upon the state court orders, they are immune from suit under the good faith exceptions and Counts I and II therefore fail to state a claim for relief.

The Court agrees with Defendants and finds that the record establishes Plaintiff's wiretap claims are barred by the good faith defense. As set forth above, several of Plaintiff's co-defendants to his criminal case moved to suppress wiretap and text message evidence, asserting similar arguments to the ones raised in this case. In ruling on the motions to suppress, Judge Crabtree held that the investigators' conduct in intercepting the text messages fell within the good faith exception to the Fourth Amendment's exclusionary rule, finding that "the issuing judge and executing officers both understood the intended scope of the wiretap authorization, and that the authorization included interception of text messages." *Banks*, 2014 WL 4261344, at *5. Judge Crabtree concluded that the officers' reliance on this understanding was "objectively reasonable." *Id.* Judge Crabtree further noted in connection with his decision on the motion to suppress extra-territorial communications that "one would not expect the officers executing search warrants to have apprehended the subtle, technical jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *Banks*, 2015 WL 2401048, at *3.

Judge Crabtree's reasoning in the underlying criminal case is equally applicable to the arguments raised in Plaintiff's civil case. *See Wright v. Florida*, 495 F.2d 186, 1090 (5th Cir. 1974) (holding that good faith reliance on a court order is a defense to both Fourth Amendment claims and Section 2520 of the ECPA). And the amended complaint fails to assert any facts from which the Court could reasonably infer that Defendants did not act in good faith reliance upon Judge Platt's orders. Although Plaintiff generally alleges that Defendants intercepted and disclosed communications despite knowing (or having reason to know) that the interceptions and disclosures were not properly authorized (Doc. 74 ¶¶ 11-15), bald allegations are not enough. Defendants' good faith reliance provides a complete defense to Plaintiff's wiretap claims. *See Reed v. Labbe*, 2012 WL 5267726, at *9 (C.D. Cal. 2012) (relying on findings of the district court and court of appeals in plaintiff's underlying criminal case in concluding that Section 2520(d) provided a complete defense to plaintiff's claims under the ECPA, warranting dismissal under Rule 12(b)(6)). The amended complaint therefore fails to state a claim for violation of state and federal wiretap statutes.

Plaintiff's ECPA claim against the Sprint Defendants also fails for a second, independent reason. The ECPA carves out an exception for "providers of wire or electronic communication service"—such as the Sprint Defendants[6]—declaring that "<u>[n]o cause of action shall lie in any court against any provider of wire or electronic communication service . . . for providing information, facilities, or assistance in accordance with the terms of a court order</u>." 18 U.S.C. § 2511(2)(a)(ii) (emphasis added). The actions taken by Sprint Defendants were done in accordance with the state court's orders, which mandated that the Sprint Defendants provide investigators with

---

[6] Indeed, Plaintiff himself pleads in his amended complaint that the Sprint Defendants are "Wireless Telephone Service Provider[s]." Doc. 74 ¶ 6.

"all information, facilities and technical assistance necessary" to effectuate the interception of Plaintiff's communications. Doc. 1-1 at 5, 13. These acts fall squarely within the ECPA's exception. The Sprint Defendants are therefore statutorily exempt from liability under the ECPA and dismissal of Plaintiff's ECPA claim (as against Sprint Defendants) is warranted on this additional basis.

### B. Violation of the Fourth Amendment

Next, Plaintiff claims Defendants' conduct in allegedly violating federal and state wiretap laws—as detailed in Part III.A, *supra*—violated his Fourth Amendment rights. Doc. 74 ¶ 42. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action against any individual who, under color of state law, causes another to be deprived of a constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons set forth below, Plaintiff fails to state a claim under Section 1983 against any of the Defendants, warranting dismissal pursuant to Rule 12(b)(6).

#### 1. Opat, Virden, and Brown

Because this Court previously dismissed Plaintiff's Section 1983 claims against Opat, Virden, and Brown in their official capacities, only Plaintiff's individual capacity claims remain.[7] In their motions to dismiss, Opat, Virden, and Brown argue that qualified immunity shields them from individual liability. Docs. 80 at 6-9, 87 at 14-15, 102 at 4-6. For the following reasons, the Court agrees.

Qualified immunity protects public officials from civil liability provided their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 23 (2009). "Put simply, qualified

---

[7] *See supra* note 5.

immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once an official has raised a defense of qualified immunity, the plaintiff bears the burden to show (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the conduct at issue. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).[8]

Under the second prong, a right is "clearly established" for purposes of the qualified-immunity analysis where it is sufficiently clear that every reasonable official would have understood that his conduct violated that right. *Mullenix*, 136 S. Ct. at 308. To satisfy this step, courts do not require a case "directly on point," but the plaintiff must identify existing precedent—either controlling authority or "a robust 'consensus of cases of persuasive authority'"—placing the constitutional question "beyond debate." *al-Kidd*, 563 U.S. at 741-42. To do that, the precedent "must be 'particularized' to the facts of the case" before the Court. *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (noting that courts should not define "clearly established law" at "a high level of generality").

Here, Plaintiff has not met his burden of showing a violation of clearly established law. In his amended complaint, in support of his constitutional claim, Plaintiff asserts: that a violation of state and federal wiretap laws is "necessarily" a violation of the Fourth Amendment; that the statutes "were specifically codified" to protect Plaintiff's constitutional rights; and that a violation of these statutes alone is sufficient to establish a cause of action under Section 1983. Doc. 74 ¶ 42. Yet Plaintiff identifies no authority—let alone a controlling opinion or a "robust consensus" of persuasive authority—supporting his contentions or otherwise holding that the Fourth Amendment

---

[8] The order in which the two prongs of the qualified-immunity analysis are evaluated is within the discretion of this Court. *See al-Kidd*, 563 U.S. at 735.

is violated by the <u>specific facts</u> presented here. The onus is on Plaintiff to identify existing precedent placing the constitutional question beyond debate. Because Plaintiff has not satisfied his burden, qualified immunity shields Opat, Virden, and Brown from individual liability on Plaintiff's constitutional claim.

### 2. Sprint Defendants

Plaintiff's Section 1983 claim against the Sprint Defendants is likewise subject to dismissal for two independent reasons. First, Plaintiff fails to allege facts sufficient to show an essential element of his claim: that the Sprint Defendants acted under color of state law. To state a claim under Section 1983, a plaintiff must (1) allege the violation of a constitutional right or a right secured under the laws of the United States, and (2) show that the alleged violation was committed by an individual acting under color of state law. *West*, 487 U.S. at 48. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Under Section 1983, therefore, claims may only be brought against defendants who represent the state in some capacity. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). "Private individuals and entities may be deemed state actors, however, if they have 'acted together with or [have] obtained significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'" *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff has not alleged facts sufficient to show that the Sprint Defendants engaged in the requisite state action to support his Section 1983 claim. Indeed, although Plaintiff alleges the Sprint Defendants "act[ed] under the color of state law," the only conduct Plaintiff attributes to the Sprint

Defendants in his amended complaint is, generally, that they intercepted and disclosed his text messages to investigators without proper judicial authorization. Doc. 74 ¶¶ 7, 12. Acting in accordance with a court order does not itself constitute action performed under color of state law. *See Green v. Truman*, 459 F. Supp. 342, 344-45 (D. Mass. 1978) (finding state court order "does not clothe [defendant] with the authority of state law necessary to satisfy the state actor requirement"); *Melnitzky v. HSBC Bank USA*, 2007 WL 1159639, at *9 (S.D.N.Y. 2007) ("[T]he mere compliance with a court order does not constitute action under color of state law."). Plaintiff alleges no other conduct to establish that the Sprint Defendants, as private actors, acted under color of state law. Plaintiff's bare allegations and legal conclusions are insufficient to state a claim.

Second, the Sprint Defendants are absolutely immune from liability for Plaintiff's Section 1983 claim. "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, 'official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.'" *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (citations omitted) (quoting *Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989)). "[T]he power to execute judicial decrees is no less an important and integral part of the judicial process than the roles of those officials previously afforded absolute immunity" and "[a]bsolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel." *Valdez*, 878 F.2d at 1287-88. The Tenth Circuit has stated:

> To force officials performing ministerial acts intimately related to the judicial process to answer in court every time a litigant believes the judge acted improperly is unacceptable. Officials must not be called upon to answer for the legality of decisions which they are

> powerless to control . . . [I]t is simply unfair to spare the judges who
> give orders while punishing the officers who obey them.[9]

*Id.* at 1289 (emphasis added). Under the doctrine of absolute immunity, therefore, acts taken at the direction of the state court orders cannot form the basis for Plaintiff's Section 1983 claim against the Sprint Defendants. *See T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802-03 (10th Cir. 1978) (holding that receiver named as a defendant in corporation's civil rights action was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge); *Jarvis v. Roberts*, 489 F. Supp. 924, 929 (W.D. Tex. 1980) (in case involving claim under Section 1983, finding that—where bank was merely complying with court order—actions complained of "were essentially those taken by the Court through its orders" and bank could not be held liable). For these reasons, dismissal of Plaintiff's Section 1983 claim against the Sprint Defendants is warranted.

### C. Conspiracy

Finally, Plaintiff asserts a claim for conspiracy, alleging Defendants conspired to commit the wiretap and constitutional violations asserted in his amended complaint. This claim must likewise be dismissed pursuant to Rule 12(b)(6) because the amended complaint contains only conclusory allegations of conspiracy and is devoid of any facts to support those allegations.

To state a claim for conspiracy under Section 1983, "a plaintiff must plead that he was deprived of a constitutional right as a result of a conspiracy comprised of or including conspirators acting under color of state law." *Leatherwood v. Rios*, 705 F. App'x 735, 739 (10th Cir. 2017). A federal conspiracy action under Section 1983 "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the

---

[9] Indeed, Plaintiff's Section 1983 claim against the state court judge who issued the orders—Judge Platt—was previously dismissed on the basis of absolute immunity. Docs. 11, 73.

defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). Similarly, under Kansas law, the elements of a civil conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds; (4) one or more unlawful overt acts; and (5) damages as a proximate result thereof. *Jackson v. Kan. Cty. Ass'n Multiline Pool*, 2005 WL 756773, at *6 (D. Kan. 2005). Under either state or federal law, conclusory allegations of conspiracy are insufficient; a plaintiff must instead plead specific facts to establish the requisite elements. *Brooks*, 614 F.3d at 1228; *Jackson*, 2005 WL 756773, at *6.

Here, Plaintiff's conspiracy claim fails for two reasons. First, for the reasons set forth in Parts III.A and B, *supra*, Plaintiff has failed to establish the existence of an underlying unlawful act—either a violation of state or federal wiretap law or a constitutional violation—necessary to state his claim. Second, Plaintiff does not plead facts sufficient to infer the existence of a meeting of the minds, an agreement, a general conspiratorial objective, or any concerted action among Defendants. Plaintiff alleges only: that Opat and Virden "knowingly conspired with one another" to commit the alleged acts; that Opat, Virden, and Brown knew or had reason to know that the interceptions were legally required to take place only within Judge Platt's territorial jurisdiction; and that Opat, Virden, and Brown knew that the Sprint Defendants had intercepted text messages without judicial authorization, but nonetheless disclosed the messages to prosecutors. Doc. 74 ¶¶ 43-45. These conclusory allegations are not enough. Plaintiff has not come forward with specific facts showing the requisite elements of a civil conspiracy. Although, given his pro se status, Plaintiff's pleadings are to be liberally construed, Plaintiff is not relieved of his burden to allege sufficient facts upon which a recognized claim can be based. *See Ivory v. Platt*, 2016 WL 5916647, at *6 (D. Kan. 2016). Dismissal of Plaintiff's conspiracy claim is warranted.

## IV. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss the amended complaint (Docs. 79, 83, 86, 101) are GRANTED.

IT IS SO ORDERED.

Dated: November 16, 2018

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE