# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Albert Banks,

    Plaintiff,

v.

Glen Virden, *et al.*,

    Defendants.

Case No. 5:15-CV-03093

## DEFENDANT GLEN VIRDEN'S ANSWER

Defendant Glen Virden ("this defendant") for his answer to the Amended Complaint (Doc. 74) states as follows:

*First Defense*

1. Plaintiff asserts claims under K.S.A. § 22-2518 for alleged violation of the Kansas wiretap statutes and under 18 U.S.C. § 2520 for alleged violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"). In particular, Plaintiff alleges that the Eighth Judicial District, Kansas, District Court Judge David Platt acted beyond his jurisdiction in the issuing of a wiretap order pertaining in part to Plaintiff's communications not in or captured in Geary County ("Extra-territorial communications") and that all defendants knew or had reason to know that the order was invalid on its face. He further alleges that this defendant, in his personal capacity, along with others defendants unlawfully intercepted calls while Plaintiff was in his home and "then used [the intercepted]

1

private information in order to further there [sic] own personal agenda." Collectively, these claims are referred to here as the "remanded claims."

2. All other claims which Plaintiff asserted or attempted to assert in his Amended Complaint against this defendant were dismissed on the merits by this Court and the dismissals were thereafter affirmed by the United States Court of Appeals, Tenth Circuit, in *Thompson v. Platt*, No. 19-3073, — Fed.Appx. —, 2020 WL 2394007 (May 12, 2020). Accordingly, Plaintiff cannot recover under the dismissed claims.

## Second Defense

3. Plaintiff is not entitled to relief under the remanded claims because this defendant acted in good faith reliance on a court order(s) authorizing the interception of Plaintiff's wire or electronic communications.

## Third Defense

4. The applicable statutes of limitation bar recovery upon one or both of the remanded claims.

## Fourth Defense

5. The allegations in paragraphs 1, 7, 8, 11, 22, 23, 24, 25, 26, 28, 29, 30, 33, 34, 35, 36, 38, 39, 40 & 41 are denied, except the Court has subject matter jurisdiction under 28 U.S.C. § 1331, with supplemental jurisdiction over the state law claim, at this time, under 28 U.S.C. § 1367.

6. The allegations in paragraphs 2, 4, 5, 6, 12, 13, 14, 20, 31, 42, 43, 44

& 44 are either inapplicable to this defendant or pertain to claims which have been dismissed. Accordingly, no responsive pleading is required.

7. The allegations in paragraphs 3 & 37 are admitted, with the exception that the official capacity claim has been dismissed.

8. The allegations in paragraph 9 are admitted.

9. Answering paragraphs 10 & 16, it is admitted that, on about the date stated in the first sentence, the Eighth Judicial District, Kansas, District Court Judge David Platt entered an order or orders which authorized interceptions of Plaintiff's wire and electronic communications, and that a federal court thereafter held K.S.A. § 22-2516(3) only authorized Judge Platt to enter an order authorizing the "interception of wire, oral, or electronic communications within [his] territorial jurisdiction," *i.e.*, in the four counties composing the Eighth Judicial District, and as a result found inadmissible thousands of the intercepted communications in criminal proceedings against Plaintiff; but the balance of the allegations in paragraphs 10 & 16 are denied.

10. Answering paragraph 15, it is admitted that this defendant listened to some of the calls intercepted pursuant to Judge Platt's order(s) and possibly reviewed some texts also intercepted pursuant to the order(s), but the balance of the allegations in paragraph 15 are denied.

11. The allegations in paragraph 17 are admitted, except this defendant denies any liability arising from the interception of Plaintiff's wire and electronic

communications.

12.  Answering paragraph 18, in the referenced appeal, Plaintiff challenged the constitutionality of 18 U.S.C. § 2703(d) and the government's use of CSLI to establish that particular tapped cellular communications had occurred while a tapped phone was located within the four counties comprising Kansas's Eighth Judicial District. The allegations in paragraph 18 that are inconsistent with this statement are denied.

13.  This defendant lacks sufficient knowledge and information to admit or deny the allegations paragraph 19.

14.  The allegations in paragraphs 21 & 32 attempt to state a pure legal conclusions to which no responsive pleading is required.

15.  It is admitted that this defendant disclosed contents of the communications intercepted pursuant to Judge Pratt's order as permitted by the Kansas wiretap statutes and the ECPA, otherwise the allegations in paragraph 27 are denied.

16.  All of the allegations in the Amended Complaint that are expressly admitted herein are denied.

### Fifth Defense

17.  Alternatively, Plaintiff's damages are not of the nature and extend alleged and he is precluded from recovering damages for any mental or emotional injury he claims to have suffered while incarcerated.

THEREFORE Defendant Glen Virden requests the Court enter a judgment denying Plaintiff's claims, such other relief as the Court deems just and necessary, and for its costs.

>Respectfully submitted,
>
>OFFICE OF ATTORNEY GENERAL
>DEREK SCHMIDT
>s/ Arthur S. Chalmers
>Arthur S. Chalmers, KS S. Ct. #11088
>Assistant Attorney General
>120 SW 10th Ave., 2nd Floor
>Topeka, Kansas 66612
>Ph: (785) 368-8426
>Fax: (785) 291-3707
>Email:  art.chalmers@ag.ks.gov
>Attorneys for Defendant Virden

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June 2020, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court and further that a copy was mailed, via U.S. Mail, postage prepaid, also on the 11th day of June 2020 upon:

>Albert Dewayne Banks, No. 23203-031
>Core Civic Detention Center
>100 Highway Terrance
>Leavenworth, Kansas 66048
>
>*Plaintiff*

>s/ Arthur S. Chalmers