## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ALBERT DEWAYNE BANKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-3093-HLT-GEB** |
| | ) | |
| **STEVEN L. OPAT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **ANTHONY THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-3117-HLT-GEB** |
| | ) | |
| **DAVID L. PLATT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER OF CONSOLIDATION FOR DISCOVERY PURPOSES;</u>
## <u>ORDER APPOINTING COUNSEL; and</u>
## <u>ORDER RESCHEDULING STATUS CONFERENCE</u>

A status conference was conducted in each of the above cases on June 16, 2020,

with U.S. Magistrate Judge Gwynne E. Birzer.  In Case No. 15-3093-HLT-GEB, Plaintiff

Albert Dewayne Banks appeared pro se.  Defendant Glen Virden appeared through

counsel, Arthur Chalmers. Defendant Sprint/Nextel Wireless Telephone Company

appeared through counsel, Jay Heidrick. Defendant Timothy Brown appeared through

counsel, Michael Seck.  In Case No. 15-3117-HLT-GEB, Plaintiff Anthony Thompson

appeared pro se. Defendant Glen Virden appeared through counsel, Arthur Chalmers.

Defendant T-Mobile U.S.A. appeared through counsel, James Gragson and Trenton Tanner. Defendant Timothy Brown appeared by counsel, Michael Seck.

During the conferences, the Court recognized the similarities of the issues of law and fact in both cases and discussed possible consolidation with the parties. The Court further recognized Plaintiffs Albert Dewayne Banks and Anthony Thompson's initial requests for appointment of counsel were denied without prejudice. Even though Plaintiffs have been able to navigate through the various stages of litigation on their own, the cases have now progressed to a point where it is appropriate for the Court to reconsider appointment of counsel and address the issue of consolidation.

A.    **Consolidation**

Fed. R. Civ. P. 42(a) permits the Court to consolidate actions which "involve a common question of law or fact." It is within the Court's discretion to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[1] The Court may order consolidation on a motion by a party or on its own initiative:

> The decision whether to consolidate such actions is left to the sound discretion of the trial court. In appropriate circumstances, a court can consolidate cases before it *sua sponte*… The primary consideration for the court is to consolidate the cases when it promotes judicial efficiency without unduly prejudicing a party.[2]

---

[1] Fed. R. Civ. P. 42(a)(1)-(3); *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. CIV. 10-1063-JAR, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[2] *Munjak v. Signator Investors, Inc.*, No. 02-2108-CM, 2003 WL 23506989, at *1 (D. Kan. Dec. 10, 2003) (internal citations omitted).

The Court finds common issues of law and fact exist warranting consolidation of the cases for discovery.  Both Plaintiffs allege 42 U.S.C. §1983 violations and violations of Kansas and federal wiretap statutes, including unlawful authorization of wiretap communications and illegal endorsements of signatures on the wiretaps.[3]  Additionally, the relief sought is similar in both cases.[4]  Further, the cases have progressed at the same pace, and were subjected to identical rulings including through the appellate process.[5]  And, the parties have yet to engage in any discovery.

The Court therefore finds consolidation of the two cases for discovery purposes will promote judicial efficiency without unduly delaying either case or prejudicing any party.[6]  Finally, the Court notes even "when two cases are consolidated for purposes of convenience and administrative economy, the two cases retain their individual identities," and it "does not change the rights of the parties."[7]

**IT IS THEREFORE ORDERED** that *Banks v. Opat, et al*., Case No. 15-3093-HLT-GEB, and *Thompson v. Platt, et al*., Case No. 15-3117-HLT-GEB, are consolidated

---

[3] *See generally* Amended Complaint, ECF No. 74 (Case No. 15-3093); Amended Complaint, ECF No. 71 (Case No. 15-3117).  *See also, e.g., Schone v. Auto. Club Inter-Ins. Exch*., No. 14-2156-KGS, 2014 WL 11485716, at *2 (D. Kan. July 31, 2014) (ordering consolidation for discovery purposes where cases arose out of the same events).

[4] *See generally* Amended Complaint, ECF No. 74 (Case No. 15-3093); Amended Complaint, ECF No. 71 (Case No. 15-3117).  *See also, e.g., Schone*, 2014 WL 11485716, at *1-2 (ordering consolidation for discovery purposes where the relief sought in both cases was similar).

[5] *Thompson v. Platt*, No. 19-3072, 2020 WL 2394007 (10th Cir. May 12, 2020); *Banks v. Opat*, No. 19-3073, 2020 WL 2394008 (10th Cir. May 12, 2020).

[6] In considering judicial efficiency for consolidation purposes, the Court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause.  *Schone*, 2014 WL 11485716, at *1 (citing *C.T. v. Liberal Sch. Dist*., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)).

[7] *Frederick,* 2010 WL 4386911, at *2.

for discovery purposes. Case No. 15-3093-HLT-GEB is designated as the lead case.  All future pretrial non-dispositive filings shall be made in the lead case bearing a consolidated case caption.

The Court intends to set a status conference to discuss dispositive motions, future scheduling, and the feasibility of continued consolidation after the close of discovery.

### B.   Appointment of Counsel

Since the inception of both cases, Plaintiffs have proceeded in their respective cases pro se. Both Plaintiffs have previously requested counsel on numerous occasions—collectively at least six motions between them—but those requests were denied without prejudice for various reasons, including pending the outcome of Rule 12 motion practice.[8] Such prior motions have been resolved through decisions by both judges of this Court and through subsequent appeals to the Tenth Circuit.  The Tenth Circuit has remanded some issues for further proceedings in this Court; and accordingly, both Plaintiffs have renewed their separate motions for appointment of counsel. (*See* Motion, ECF No. 150 in No. 15-3093-HLT-GEB; and Motion, ECF No. 156 in No. 15-3117-HLT-GEB.)

When evaluating whether to appoint counsel, the Court considers multiple factors, such as (1) the litigant's financial ability to pay an attorney; (2) the litigant's diligence in attempting to secure an attorney; (3) the merits of the litigant's claims, including the nature

---

[8] *See, e.g*., Motion (ECF No. 40; Order, ECF No. 45; Motion, ECF No. 96; Order, ECF No. 97; Motion, ECF No. 150) in Case No. 15-3093-HLT-GEB.  *See also* Motion (ECF No. 27), Order (ECF No. 35); Motion (ECF No. 39); Order (ECF No. 61); Motion (ECF No. 77); Order (ECF No. 82); Motion (ECF No. 114); Order (ECF No. 121); Motion (ECF No. 156) in Case No. 15-3117-HLT-GEB.

and complexity of those claims; and (4) the litigant's ability to present his claims.[9]   The Court has an obligation not to make indiscriminate appointments on every occasion a Plaintiff seeks court-ordered counsel,[10] particularly in light of the expanding federal dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[11]

In these cases, the Court after a careful analysis is satisfied all factors outlined above are met and appointment of counsel at this stage of litigation is warranted for the limited purposes stated herein.   First, given the Plaintiffs' incarceration, the Court finds it would be difficult for either of them to afford an attorney given their lack of monthly income and other assets.   Second, it stands without reason Plaintiffs have specific challenges regarding the traditional ways of attempting to secure counsel.   Third, it appears to the Court this litigation has become more complex, particularly in light of the ruling of the Tenth Circuit remanding the case for specific purposes and the current posture of the case, including the anticipated dispositive motion practice as discussed by the parties during the June 16, 2020 conference.   And fourth, Plaintiffs each express challenges to presenting their claims in a meaningful manner.   Both Plaintiffs have limited ability to conduct research and propound discovery due to curtailed access to the prison's law library, telephone and internet services. Finally, given the Order above regarding consolidation, the cases will be easier

---

[9] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

[10] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[11] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

to manage by one attorney and this should provide Plaintiffs the access to justice they have requested.

Therefore, the Court provisionally appoints **Michael J. Shultz**, a member in good standing of the bar of this Court, to represent both Plaintiffs for the limited purpose of assisting them through discovery and dispositive motion practice. Mr. Shultz is appointed pursuant to 28 U.S.C. § 1915(e) and may be reimbursed for his out-of-pocket expenses allowed under D. Kan. Rule 83.5.3(f)(1). His contact information is:

> Michael J. Shultz
> Shultz Law Office, P.A.
> 445 N. Waco St.
> Wichita, KS 67202
> Phone: (316) 269-2284
> Fax (316) 269-2011

Mr. Shultz is expected to participate in the follow-up Scheduling Conference. Such conference was previously set for July 28, 2020, but due to a calendaring conflict must be **rescheduled to August 13, 2020 at 1:30 p.m.** by Zoom videoconference before the undersigned U.S. Magistrate Judge. All participants will receive an email invitation prior to the scheduled hearing. Mr. Shultz's progress to date will be discussed, as well as setting a schedule for this case, including a dispositive briefing schedule.

**IT IS THEREFORE ORDERED** that Plaintiffs' separate motions for appointment of counsel are GRANTED. (Motion, **ECF No. 150** in No. 15-3093-HLT-GEB; and Motion, **ECF No. 156** in No. 15-3117-HLT-GEB.) **Michael J. Shultz**, a member in good standing of the bar of this Court, is hereby appointed to represent the Plaintiffs in this case pursuant to 28 U.S.C. § 1915(e) for the limited pretrial purposes of advising and assisting Plaintiffs

with discovery and dispositive motion practice, appearing on Plaintiffs' behalf at all Court hearings, and receiving service of all Court filings from the date of appointment until further order of the Court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of July, 2020.

 s/ Gwynne E. Birzer_____
GWYNNE E. BIRZER
United States Magistrate Judge