IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALBERT DEWAYNE BANKS, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN L. OPAT, et. al., )<br>Defendants. )<br>)<br>)<br>ANTHONY THOMPSON, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GLEN VIRDEN, et. al., )<br>Defendants. )<br>) | Case No. 15-3093-HLT-GEB<br><br><br><br><br><br><br>Case No. 15-3117-HLT-GEB |

## **ORDER GRANTING PLAINTIFFS' SECOND MOTION TO CONTINUE**

**NOW,** on this 19th day of March, 2021, the above-entitled matter comes before the Court on Plaintiffs' Second Motion to Continue the discovery deadline and their responses to Defendants' dispositive motions. (**ECF No. 186**). Collectively, the Defendants object to continuing the discovery deadline, but they do not object to allowing Plaintiffs additional time to respond to their dispositive motions.[1] The Court examines the file and after

---

[1] Glen Virden's Limited Opposition to Plaintiffs Alert Banks and Anthony Thompson's Second Motion to continue (ECF. No. 187); Sprint/Nextel Wireless Telephone Company, Virgin Mobile/Sprint PCS, and T-Mobile USA Inc's, Partial Opposition to Plaintiff's Second Motion To Continue (ECF No. 188); Response of Defendant Brown to Plaintiff's Second Motion to Continue (ECF No. 189); and Response of Defendants Opat and Wolf to Plaintiff's Second Motion to Continue (ECF No. 190).

reviewing the Motion and being fully advised in the premises, for the reasons stated below, hereby **GRANTS** Plaintiffs Second Motion To Continue.

### I.     Background

This case is aging, and it has been procedurally challenging. But prior aspects of this case have no substantial bearing on the ruling here today and need not be reiterated herein. Following early dispositive motions and appeals, once each individual case was ready for formal scheduling, the Court conducted separate status conferences on June 16, 2020. (*See* ECF No. 152, No. 15-3093.) Both Plaintiffs appeared pro se, and Defendants were represented by counsel. Because these cases presented similarities regarding issues of law and fact, they were eventually consolidated. (ECF No. 160.) Also, the Court determined although Plaintiffs were able to navigate their way through the various stages of litigation, the cases progressed to a point where it was appropriate for counsel to be appointed. (ECF No. 154, No. 15-3093.) Michael Schultz, an attorney in good standing, was appointed to represent both Plaintiffs. (*Id*.)

The first schedule was entered on August 13, 2020 (ECF. No. 169, No. 15-3093) with brief modifications in September 2020. (ECF No. 172, No. 15-3093.) Also in September as the schedule dictated, Defendants filed dispositive motions. But, during this time, Plaintiffs' counsel was, in the Court's opinion, diligently acquainting himself with the consolidated cases, as well as the plethora of materials filed herein, and gaining the trust of his clients. In November 2020, the Court granted Plaintiffs' Unopposed Motion To Continue Deadlines. (ECF Nos. 183-184, No. 15-3093.) The bases of Plaintiffs' November motion, in large part, mirrors the bases for the instant motion. Plaintiffs' counsel indicated

he underestimated the quantity of the summary judgment motions, and he was working through those motions with both Mr. Banks and Mr. Thompson. (ECF No. 183, No. 15-3093.) Counsel also indicated COVID-19 restrictions and shut-downs, and barriers in communication with the Plaintiffs due to their custodial status challenged his ability to determine whether discovery was needed and to respond to Defendants' various dispositive motions. (*Id.*)

## II. Discussion

The challenges faced by Plaintiffs and their counsel in getting their arms wrapped around this litigation phase of the case are not unusual. Rule 56 motions are important aspects of any case and deserve a certain level of attention. Even though the case has significant age, during the discovery phase it is not unreasonable to request more than one extension of time to conduct discovery and respond to four separate dispositive motions which have significant implications regardless of how they are ultimately decided. In the Court's opinion, good cause to extend the discovery deadline and the dispositive motion response deadline is evident here.

Defendant Virden argues since the document production from the Rule 26 disclosures, no discovery has been initiated by Plaintiffs. (ECF No. 187 at ¶¶1-2.) The Sprint/Nextel/Virgin/T-Mobile Defendants oppose an extension for the same reason. (ECF No. 188 at ¶4.) Defendants Brown, Opat, and Wolf, in essence, state the same argument.

Under Fed. R. Civ. P. 16(b), good cause is established if the party seeking the extension shows it could not have met the scheduled deadline even if it had acted with

3

diligence.[2] Here, conditions exist—even with due diligence—which are difficult to overcome. For example, Plaintiffs are incarcerated, which in and of itself presents challenges to meet with clients to review documents and determine the discovery needed. With the added layer of COVID-19 shut-downs in correctional facilities and social distancing guidelines, potential exposure, illnesses, and even the press of other business, the challenges to not only this case, but most cases, are heightened.  Defendants will recall, when this action was filed, COVID-19 had not graced America with its presence. And when Mr. Schultz entered the case as appointed counsel, the world was in the early stages of COVID-19.

While it is reasonable for the Defendants to mention Plaintiffs' failure to consult them on expected discovery, it is equally reasonable for Defendants to acknowledge the world was neither certain about the life of the pandemic, nor was the world certain about how long it would take settle in to a new normal. It is true early discussions indicated a plan as to how this case would proceed. But, as the documents were produced, reviewed, and developed into various theories by each Defendant, Plaintiffs reiterated, quite candidly, they underestimated the quantity of work involved.

While the Court has an interest in moving the case along, the preference is for quality and well-analyzed work product as opposed to the alternative. It is equally reasonable for the Court to afford Plaintiffs the opportunity to approach the dispositive briefing in the former manner as opposed to the alternative. Plaintiffs, however, should not

---

[2] *Certain Underwriters at Lloyd's London v. Garmin Intern., Inc.*, 2012 WL 4383261 at *3 (D. Kan. September 25, 2012) (internal citations omitted).

construe the Court's comments in this regard as continuing in nature. The pandemic is becoming more controlled and legal business is commencing daily. Likewise, so are the Court's expectations that this case will move in a more rhythmic pace.

As counsel is aware, the Court has great discretion to control its docket and pretrial management.[3] Our justice system has a strong preference for resolving cases on their merits whenever possible, particularly in the absence of bad faith by an offending party or prejudice to a non-moving party.[4]  Finding no bad faith or anything more than practical—not undue—prejudice to Defendants, the Court grants Plaintiffs' request for additional time.

As such, the existing deadlines are modified as follows:

| | |
|---|---|
| Close of Discovery | June 30, 2021 |
| Response to Defendants' Dispositive Motions | August 27, 2021 |
| Dispositive motion Reply deadline | September 24, 2021 |

**IT IS THEREFORE ORDERED** that Plaintiffs Albert Banks and Anthony Thompson's Second Motion to Continue (**ECF No. 186**) is **GRANTED** and the above deadlines are imposed.

---

[3] *AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (noting, "In addition to the latitude in pretrial management afforded by Rule 16, '[d]istrict courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion.'") (quoting *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (citing *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993)) (other internal citations omitted).
[4] Id. (quoting *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011) (other internal citations omitted.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 19th day of March, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
