IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALBERT DEWAYNE BANKS, </br>                   Plaintiff, </br> vs. </br> STEVEN L. OPAT, et. al., </br>                   Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 15-3093-HLT-GEB |
| ANTHONY THOMPSON, </br>                   Plaintiff, </br> vs. </br> GLEN VIRDEN, et. al., </br>                     Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. 15-3117-HLT-GEB |

### DECLARATION OF ANTHONY THOMPSON

I, Anthony Thompson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a United States citizen, resident of the State of Kansas, and am over 18 years of age.

2. I make this Declaration from my personal knowledge.

3. I am familiar with the events of this case as well as the underlying and related criminal investigation.

4. I have reviewed documents in this case, including the defendants' motions for summary judgment, disclosures, discovery responses, declarations, and exhibits.

5. I have reviewed the "clarifying orders" attached to the Carrier



PLAINTIFF'S EXHIBIT B

Defendants' motion for summary judgment (Exhibits G and H). Both of those documents appear to be similar in font to each other but distinct from other orders issued by Judge Platt during the wiretap. Additionally, the signatures appear to be identical to each other, almost like a stamp, but distinct from other signatures on other wiretap orders (e.g. compared to Exhibit K). I also do not recall ever seeing the affidavit or application referred to in each of those orders, and to the best of my knowledge, they have not been disclosed in either this case or the underlying criminal case.

6. I have read and reviewed each of the wiretap orders issued in the underlying criminal case.

7. To the best of my knowledge, none of the wiretap orders explicitly authorized the use and/or disclosure of any of the information obtained via the wiretap(s) in accordance with 18 U.S.C. § 2517(5). That is, the crimes investigated in the wiretaps were state crimes, not federal crimes, but the defendants in this case used and disclosed interceptions in court proceedings regarding federal crimes distinct from those state crimes. § 2517(5) requires a subsequent application and order before such disclosure may occur. To the best of my knowledge, no such subsequent application for disclosure was made, no such order was granted, and neither such order or application were ever produced in discovery in this case or the underlying criminal case.

8. The interceptions of both calls and texts, as well as information derived from those calls and texts, were disclosed to federal law enforcement and/or federal

prosecutors by the defendants or people who were procured to do so by defendants.

9. In addition to calls and/or texts intercepted for the purpose of the law enforcement investigation and prosecution, the defendants also intercepted private communications unrelated to any criminal investigation, including but not limited to: private text communications among family members, pictures of children, intimate conversations between romantic partners, intimate pictures to and from romantic partners, and other private information.

10. To the best of my knowledge, that private information referenced above was used and disclosed by defendants, and others, to disrupt relationships, to embarrass subjects of those conversations, to create family strife among my family and friends, and to create and sow distrust and antipathy towards myself. Some of these uses and disclosures were for law enforcement purposes, but to the best of my knowledge, other such uses and disclosures served no valid law enforcement purpose.

11. These interceptions, disclosures, and uses of the illegally wiretapped information harmed me in ways independent of any criminal investigation, including but not limited to embarrassment, invasion of privacy, and other harms to relationships and reputation.

12. I diligently pursued service of process in this matter to the best of my ability, given the limited access to court service of process that I was allowed. I acted in accord with the permissions and orders of the judge in getting service of process as quickly and as diligently as I could.

13. The defendants also intercepted (CSLI) cell site location Information (T-Mobile), without explicit Authorization in the wiretap orders. CSLI is a form electronic communication, per statute. That information was also disclosed to federal agents as describe in paragraph seven and eight. AT 8-31-21

14. _____

15. _____

16. _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 31, 2021.

_____
Anthony Thompson